IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DIANNE BOOKER, | |
| Plaintiff, | **4:14CV3126** |
| vs. | |
| THE STATE OF NEBRASKA, and STEVE UROSEVICH, Individually and in his official capacity; | **FINDINGS AND RECOMMENDATION** |
| Defendants. | |

Pending before me is the plaintiff's motion for remand.  (Filing No. 4).  For the reasons discussed below, this case should be remanded to the District Court of Lancaster County, Nebraska, but plaintiff's related request for costs and attorney fees incurred in moving for remand should be denied.


STATEMENT OF FACTS


The plaintiff filed a complaint against the defendants in the District Court of Lancaster County, Nebraska on February 3, 2012.  The complaint alleged the defendants violated Plaintiff's rights guaranteed under the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §2615, and her civil rights guaranteed under Neb. Rev. Stat. § 20-148. (Filing No. 5-3).  As to the civil rights claim, the complaint alleged the defendants violated the plaintiff's First Amendment rights; that "Plaintiff has been deprived of rights and privileges under the United States Constitution which is a civil rights violation under Neb. Rev. Stat. § 20-148."  (Filing No. 5-3, at CM/ECF pp. 6-7).


The complaint was promptly served on the defendants, (Filing No. 5-5), and they answered the complaint on March 7, 2012. (Filing No. 5-6)  The defendants served written discovery on April 30, 2012, (Filing No. 5-7), and defendant Urosevich's deposition was noticed and scheduled to be held on November 7, 2012.  (Filing No. 5-8).

The plaintiff filed for Chapter 13 bankruptcy protection on September 21, 2012, and a suggestion of bankruptcy was filed in the state court on September 28, 2012.  (Filing No. 5-9).  The case was stayed until Plaintiff's counsel was specially appointed by the bankruptcy court to litigate Plaintiff's claims. (Filing No. 5-10).  On June 21, 2013, the plaintiff filed a notice of relief from the bankruptcy stay.  (Filing No. 5-10).

Discovery progressed in the state case.  The plaintiff served discovery requests on the defendants on August 19, 2013,  (Filing No. 5-11), and the defendants responded on September 12, 2013,  (Filing No. 5-12), with supplemental responses served on October 10, 2013.  (Filing No. 5-13).  The defendants noticed the plaintiff's deposition to be held on December 5, 2013.  (Filing No. 5-14).

On February 27, 2014, the plaintiff moved to set the case for trial.  (Filing No. 5-15). The defendants moved for summary judgment on March 7, 2014.  (Filing No. 5-16).  The summary judgment motion was scheduled for hearing on April 24, 2014.  (Filing No. 5-17).

The plaintiff moved to file an amended complaint on May 7, 2014.  (Filing No. 5-18). Unlike the original complaint, the amended complaint specifically identifies 42 U.S.C. § 1983 as a basis for recovery and adds a First Amendment retaliation claim.  (Filing No. 5-18, at CM/ECF p. 3).

The defendants filed a notice removing the case to federal court on May 29, 2014, (Filing No. 1), and filed an answer to the amended complaint on June 9, 2014.  (Filing No. 2).

LEGAL ANALYSIS

The plaintiff moved to remand on June 12, 2014, arguing the removal was procedurally defective because the defendants failed to include "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action," and they failed to timely remove the case.  The defendants argue that "Plaintiff's amended complaint, as filed in the Lancaster County District Court, pled a new federal cause of action under 42 U.S.C. § 1983; thus removal was proper."  (Filing No. 6).

Under 28 U.S.C. § 1446(b)(3), "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable."  See also Reece v. Bank of New York Mellon,  2014 WL 3714782, 2 (8th Cir. July 23, 2014).

> The purpose of the 30-day limitation is twofold: to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system; and to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court.

Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n, 668 F.2d 962, 965 (7th Cir. 1982).

The plaintiff's initial state court complaint alleged a claim arising under federal law: The complaint specifically cited the FMLA as a basis for recovery.  The defendants did not remove this case within 30 days after being served with Plaintiff's original complaint.  Thus, absent an exception to, or tolling of, the 30-day rule, the defendants did not timely remove the action to this forum as required under 28 U.S.C. § 1446(b)(3).

Courts have held that a lapsed thirty-day time limit can be "revived" if the plaintiff deliberately misleads a defendant about the true nature of the case until the thirty-day period expires; or if the plaintiff's amended complaint fundamentally alters the nature of the case to

such an extent that it creates "an essentially new lawsuit." Johnson v. Heublein Inc., 227 F.3d 236, 241-242 (5th Cir. 2000); Wilson, 668 F.2d at 965. See also Doe v. Florida Intern. University Bd. of Trustees, 464 F.Supp.2d 1259, 1261 (S.D. Fla. 2006). These courts reason that the considerations underlying the 30-day removal deadline are overborne if a plaintiff, seeking to mislead the defendant about the true nature of the lawsuit and removal, included an inconsequential federal claim in the initial complaint which was unlikely to induce removal and then, after the time for removal had passed without action by the defendant, amended the complaint to add the true, weighty, and previously undisclosed federal action. Wilson, 668 F.2d at 965.

The plaintiff's amended complaint added a First Amendment retaliation claim and specifically mentions 42 U.S.C. § 1983 as a basis for her claims.    But both the initial and amended complaint allege the same operative facts, and both specifically name the FMLA and "civil rights" violations as Plaintiff's theories of recovery.   Under such circumstances, the plaintiff did not conceal the federal nature of her claims, and her amended complaint does not allege an "essentially new lawsuit."   The amendments to Plaintiff's complaint were not so drastic as to justify reviving the 30-day removal deadline.   Continued litigation in state court would not be unjust under the circumstances. Doe v. Florida Intern. University Bd. of Trustees, 464 F. Supp. 2d at 1262 (holding the 30-day deadline was not revived where, after the plaintiff's § 1983 claims were dismissed by the state court, the plaintiff amended the complaint to allege Title X claims; "In both the original and the Second Amended Complaint, Plaintiff seeks monetary damages arising out of the same facts, an alleged sexual assault by a faculty member against a student. While the allegations in the amended complaint differ somewhat from the original § 1983 action, both complaints contain the same essential allegation. . . .").

The court finds that Plaintiff's amended complaint was untimely removed.  Plaintiff requests an award of attorney fees and costs incurred for defendants' improper removal.

Upon remand, the court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 USCS § 1447(c).

Although the plaintiff alleged a federal claim from the outset, she did not identify 42 U.S.C § 1983 as a theory of recovery, or allege a First Amendment retaliation claim, until May of 2014. Moreover, the parties have not cited and the court did not find any Eighth Circuit law addressing the parameters of any revival exception to the 30-day removal deadline. Under such circumstances, the court will not sanction the defendants for their untimely removal of the plaintiff's complaint.

Accordingly,

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b), that on plaintiff's motion for remand, (Filing No. 4):

1)   The plaintiff's request for remand to the District Court of Lancaster County, Nebraska be granted; and

2)   The plaintiff's request for costs and attorney fees incurred in filing the motion for remand be denied.

The defendants are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

August 4, 2014.                              BY THE COURT:


                                             *s/ Cheryl R. Zwart*
                                             United States Magistrate Judge